ABRAM NAVE ET AL., Respondents, v. SAMUEL L. STURGES ET AL., Appellants.

April 23, 1878.

Where, under partnership articles, the children of one partner were to succeed to the share and interest of their father, in case of his death before the expiration of the partnership contract, and at his death, the children,

being *sui juris*, drew the amount monthly which their father was allowed to draw; *held*, that this was an acceptance of the successorship to all the interests and responsibilities of the deceased partner, and that the children were liable at the suit of a creditor of the firm.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

J. P. VASTINE, for appellants, cited: Pars. on Con., secs. 2, 3; Coll. on Part., sec. 113; Wats. on Part. 4, 9, 21; *Whitehill* v. *Shickle*, 43 Mo. 537; *Maclay* v. *Freeman*, 48 Mo. 234; *Abbott* v. *Smith*, 2 Black, 947.

RALPH TALBOT, for appellants, cited: *Humphries* v. *McCraw*, 5 Ark. 65; *Savage* v. *Putnam*, 32 Barb. 425; *Laughlin* v. *Lorenz*, 48 Pa. St. 275; *Washburn* v. *Goodman*, 17 Pick. 519; *Marlett* v. *Jackman*, 3 Allen, 290; *McPherson* v. *Rathbone*, 7 Wend. 216.

HUDGENS & DAVIS, for respondents, cited: Coll. on Part. 119, 123; Story on Part., secs. 58, 199–201; Fox's Part. Dig. 115; Pars. on Part. 452, 453; *Lea* v. *Guice*, 13 Smed. & M. 656; 11 How. 385.

LEWIS, P. J., delivered the opinion of the court.

In November, 1871, Thomas J. Vastine, since deceased, and the defendant Samuel L. Sturges formed a copartnership in the commission business. In the articles, it was provided that the copartnership should continue for the term of five years, "with condition, however," that it should not expire upon the death of Vastine, but should be continued as before, until the expiration of the said term of five years, for the benefit of his three children, the present defendants Charles, Sarah, and Hannah Vastine. Other stipulations were as follows: "The said party of the first part (Sturges) shall devote and give all his time, attention, and skill as a merchant to the management, care, and superintendence of the business of the said firm; and the said party of the second part (Vastine), in consideration therefor, has given into the capital stock of the said business the

sum of four thousand five hundred dollars, the receipt whereof is hereby acknowledged. All profits which may accrue to said partnership shall be divided semi-annually; and all losses happening to said firm, whether from bad debts, depreciation of goods, or any other cause, and all expenses of the said business, shall be borne by the said parties equally. The said parties hereto are entitled to draw from the said business, for their individual use, the sum of one hundred dollars each, or more or less, as may hereafter be agreed upon by them; and the party of the second part agrees to pay out of the said sum so drawn each month the sum of thirty dollars, for the hire of a clerk in said business."

The partner Vastine died in March, 1872. After that event, his three children named in the articles, defendants in the present suit, drew from the concern, which was carried on, as before, under the style of " S. L. Sturges & Co.," until its failure, the sum of $70 per month. This was for about two years. During that period, the indebtedness on open account was created, which is the foundation of the present suit. The Circuit Court, sitting as a jury, heard the testimony, and gave judgment for the plaintiffs. The question presented in this appeal is, whether the defendants Vastine can be held liable as partners with defendant Sturges.

It is argued for the Vastines, that, in their relations with Sturges, essential elements of a partnership are wanting; that the original partnership was dissolved by the death of T. J. Vastine, and these defendants could not be brought into a new one without their own consent, which consent they never gave; that the mere receipt of a monthly stipend, provided by the bounty of their deceased father, could not, in any sense, make them partners; that no other fact, nor any agreement whatever, connected them with the business conducted by Sturges, with whom they never had any communication, except in the receipt of the $70 per month.

The provision in copartnership articles, whereby the share and interest of one partner are to be continued, after his death, in an appointed representative or successor, is an ancient one in practice, and has been sufficiently adjudicated upon for a clear understanding of its nature and incidents. When, shaped into a testamentary disposition, it appoints the executors, no option of refusal would appear to be left in the appointees. If the benefit be conferred on other persons, *sui juris*, it does not differ from other benefits in requiring some token of acceptance to introduce consequent responsibilities. But if the partnership or its benefits be accepted, the responsibilities will follow of course.

It is not clear how the defendants can deny any acceptance of the partnership interest bestowed by the elder Vastine, when they have accepted all its products as fully as he did or could by the original articles. He was a silent partner. He died before the first semi-annual period for a division of profits; and it does not appear that any profits were ever made to be divided, either before or after his death. His participation in the affairs of the concern appears to have consisted wholly in the withdrawing of $70 per month from its resources. His manifest design in the framing of the articles was that the defendants Vastine should be his successors. According to the testimony, they have filled that capacity as honestly as they could.

Defendants urge that a community of profits is essential to the composition of a partnership, and add that in this case there were no profits whereof a community could be enjoyed. Learned counsel are of course aware that it is not the fact of profits realized, but the right in them, if realized, to which this community applies. If actual profits were necessary, no unsuccessful association would be a partnership. But suppose that profits had been realized, will it be asserted that before these defendants called for their semi-

annual dividends they would have considered it necessary to execute and deliver new and formal articles of copartnership, readopting the terms agreed upon by their father? The fact that they did not do so before drawing their monthly benefits furnished pretty fair evidence that they considered themselves partners, entitled to all that could be got out of that relation, without any such preliminary formality. The case really is one in which the parties to be charged have by their acts testified, in the most unequivocal manner, to their acceptance of a successorship to the deceased partner. In other words, they have become partners by their own consent, and not without it.

There is nothing in the objection that a monthly allowance does not make a partner. The allowance in the present case was a feature in an admitted partnership. It was not a specific and independent allowance provided by the deceased for his children, but came to them, if at all, as inseparable from the partnership. In accepting one they accepted both.

The judgment is affirmed. All the judges concur.